Krishna J. Mahadevan 0099016,

Attorney for Petitioner

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Santiago Villasenor Ponce,** | ) | |
| | ) | Case No. 1:26-cv-306 |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| **Robert Lynch,** Detroit Field Office Director | ) | |
| U.S. Immigration and Customs Enforcement; | ) | |
| **Todd Lyons,** Acting Director of U.S Immigration | ) | |
| And Customs Enforcement (ICE) | ) | |
| **Markwayne Mullin,** Secretary of the U.S. | ) | |
| Department of | ) | |
| Homeland Security; and | ) | |
| **Pam Bondi,** Attorney General of the United States, | ) | |
| in their official capacities, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY

## INJUNCTION

Santiago Villasenor Ponce (hereinafter "Mr. Villaseñor Ponce," "Petitioner," or "Plaintiff") files

this motion for an emergency temporary restraining order and preliminary injunction. The plaintiff

is seeking immediate injunctive relief to protect him from the ongoing and imminent harm caused

by the Defendants. The Defendants have prevented the plaintiff from receiving proper medical

care and the surgery he requires while under ICE custody at the Butler County Jail.  A preliminary

injunction is an extraordinary remedy that is only appropriate where a movant establishes

circumstances that clearly demand it. *See Stenberg v. Cheker Oil Co., 573 F.2d 921, 925 (6th Cir.*

*1978) (quoting Canal Auth. of Fla. v. Callaway, 489 F.2d 567, 576 (5th Cir. 1974)); see also*

*James B. Oswald Co. v. Neate, 98 F.4th 666, 672 (6th Cir. 2024); Overstreet v. Lexington-Fayette Urb. Cnty. Gov't, 305 F.3d 566, 573 (6th Cir. 2002).* Courts decide whether this is necessary by considering four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the injunction would case substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction."  *See S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co., 860 F.3d 844, 849 (6th Cir. 2017).* Whether a movant would suffer irreparable injury is an indispensable factor for a temporary restraining order or preliminary injunction. *See Fischer v. Thomas, 78 F.4th 864, 868 (6th Cir. 2023); Ohio v. Becerra, 87 F.4th 759, 783 (6th Cir. 2023)*

The Plaintiff is likely to succeed on his claim that the Respondents have violated his rights under the Fifth Amendment and Fourteenth Amendment of the U.S. Constitution (42 U.S.C. §1983 – Failure to Provide Adequate Health Services). The Sixth Circuit has stated that pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). A plaintiff must present evidence that he had an objectively serious medical need; and that the defendant's actions or lack of action was intentional and he either acted intentionally to ignore the detainee's serious medical needs or recklessly failed to act reasonably to mitigate the serious medical need posed to the detainee. *Id* . (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 597 (6th Cir. 2021). It is obvious that the plaintiff has a serious medical condition, with his visible colostomy bag on his person. The plaintiff's immigration counsel has also constantly sought medical assistance for the plaintiff, with repeated attempts to communicate with ICE officers and Butler County Jail staff. All of these efforts have been intentionally ignored by ICE and have not

resulted in the sought after medical care with the Butler County Jail. The respondents have further acted intentionally and recklessly to deny the plaintiff his required medical care, including a surgery which had been ordered by his doctor to take place on November 17, 2025, which respondents refused to take him to or release him to attend.

The Plaintiff suffered irreparable harm by the respondents not providing medical care or taking him to his surgery. By preventing his continued medical care, the respondents have continued to injure the plaintiff. Without an injunction, respondents would not provide the plaintiff with the required medical care, including access to all of his medication, colostomy bags, and surgery that he needs to survive. If this injunction is not granted, the plaintiff's health will continue to deteriorate, to a point where he will be at severe risk for permanent injury or death.

An injunction in this case would not cause injury to any other person or party. The respondents would not suffer any injury by being required to provide medical care to the plaintiff. An injunction in this case would only provide a benefit to the plaintiff, namely his required healthcare needs. Furthermore, an injunction for the plaintiff would serve the public interest, as an individual under ICE custody at the Butler County Jail receiving the medical care he needs would not harm the public, and would ensure that a detainee's health while in custody does not further deteriorate. The public has a great interest in ensuring that any individual detained does not suffer needlessly or have worsening health while being held by the government.

The Defendants have acted and continue to act in violation of the plaintiff's rights as described above. The plaintiff does not have an adequate remedy at law. As a result of the policies, practices,

acts, and omissions of the Defendant, the Plaintiff has suffered severe and serious, imminent, irreparable physical, mental, and emotional injuries.

Wherefore, Petitioner respectfully requests this Court to grant a temporary restraining order and a preliminary injunction requiring the Defendant, its agents, employees, and all persons acting in concert with or on behalf of the Defendant to cease their unconstitutional and unlawful practices. Plaintiff asks that this court order the Defendant and its agents to provide the Plaintiff with the required medical care he needs, or in the alternative, order his release from immigration custody so he may schedule and get his required surgery from his own doctor, and grant any further relief this Court deems just and proper.

Respectfully submitted,

*/s/Krishna J Mahadevan 0099016*
Jorge H. Martinez, Attorney at Law

*Counsel for Petitioner*

Dated: 04/09/2026

Attorney for Petitioner
5770 Gateway Blvd Suite 202
Mason, OH 45040
Office: (513) 795-0979
Email: krishna@jortinez.com